**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 6, 2009
Decided July 20, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1512

| | |
|---|---|
| ANTONINA SURGANOVA, <br> *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A078-854-919 |
| ERIC H. HOLDER, JR., Attorney General of the United States, <br> *Respondent*. | |

**O R D E R**

In a published opinion issued on today's date, we have denied petitioner Antonina Surganova's petition to review the order of the Board of Immigration Appeals concluding that she is removable because she procured an adjustment in her immigration status

through marriage fraud. As we explain in more detail in that opinion, the possibility that she had done so first came to the attention of the Department of Homeland Security's Immigration and Customs Enforcement section when her ex-son-in-law, Andrew Fleming, contacted that office.

Earlier, however, on November 18, 2003, Fleming had submitted a Form I-864 with an affidavit to DHS as a co-sponsor for Surganova's petition to change her immigration status based on her marriage to a U.S. citizen. On that official form, he swore that Surganova's current address was with her husband. Seven months later, while he was embroiled in an ugly divorce from Surganova's daughter, Fleming told DHS that his earlier statement had been untruthful. In fact, he said, Surganova had *never* resided with her husband, and that fact caused him to believe that the marriage was a sham. Fleming testified at Surganova's hearing that he did not have any reason to question the validity of the marriage at the time he filed the Form I-894, but he did not explain how he could have thought that she was living with her husband when she was in fact living in Fleming's own apartment, with him, her daughter, and her granddaughter, and she was providing child care for the granddaughter.

Fleming is a licensed attorney in Illinois. We do not know if there is any way to reconcile his first and second set of statements, but the information available to us convinces us that the proper authorities need to investigate this further. We accordingly direct the Clerk of this court to forward a copy of this order and our published opinion to both the Attorney Registration and Disciplinary Commission of Illinois and the U.S. Attorney for the Northern District of Illinois, for whatever further action (if any) either one deems appropriate.

So Ordered.